# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| STACEY L. SIMINS, | AMENDED CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:19-cv-01247-RP |
| CREDIT CONTROL, LLC, | DEMAND FOR JURY TRIAL |
| Defendant. | |

## SECOND AMENDED COMPLAINT

NOW comes STACEY L. SIMINS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of CREDIT CONTROL, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.*, and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiff's state law claim pursuant to 28 U.S.C. §1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Western District of Texas and a substantial portion the events or omissions giving rise to the claims occurred within the Western District of Texas.

**PARTIES**

4. Plaintiff is a consumer over 18 years-of-age residing in Travis County, Texas, which is located within the Western District of Texas.

5. Defendant promotes that its "history in the collections industry started in 1989 and currently serves over 450 clients."[1] Defendant is a limited liability company organized under the laws of the state of Missouri, with its principal place of business located at 5757 Phantom Drive, Suite 330, Hazelwood, Missouri 63042.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

7. The instant action stems from Defendant's attempts to collect upon a defaulted credit card debt ("subject consumer debt") that Plaintiff purportedly owes to JPMorgan Chase Bank, N.A. ("Chase").

8. Plaintiff incurred the subject consumer debt to finance the purchase of personal and family household goods and/or services.

9. Around November 2019, Plaintiff began receiving calls to her cellular phone, (512) XXX-4819, from Defendant.

---

[1] https://www.credit-control.com/about-us/who-we-are/

10. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in -4819. Plaintiff is and always has been financially responsible for the cellular phone and its services.

11. Defendant has primarily used the phone number (866) 989-1426 when placing collection calls to Plaintiff's cellular phone, but upon belief, Defendant has used other phone numbers as well.

12. Upon information and belief, the above-referenced phone number ending in -1426 is regularly utilized by Defendant during its debt collection activity.

13. During answered calls, Plaintiff was subjected to a noticeable pause, having to say "hello" several times, before being connected to a live representative.

14. Upon speaking with Defendant, Plaintiff was informed that it is acting as a debt collector attempting to collect upon the subject consumer debt.

15. Defendant's harassing debt collection campaign caused Plaintiff to demand that Defendant cease contacting her.

16. Defendant has continued placing collection calls to Plaintiff's cellular phone through the filing of the instant action.

17. Despite Defendant lacking permission to call Plaintiff's cellular phone, Defendant still placed not less than 25 phone calls to Plaintiff's cellular phone.

18. Moreover, on or around November 4, 2019, Defendant mailed or caused to be mailed a collection letter to Plaintiff in an attempt to collect upon the subject consumer debt.

19. In its November 4th letter, Defendant outlined that the balance due under the subject consumer debt was $10,441.10.

20. The November 4th letter further sets forth three settlement options available to Plaintiff: one payment of $3,133.00, twelve monthly payments of $295.00, or twenty-four monthly payments of $160.00 ("settlement offers").

21. In connection with these offers, the November 4th letter explicitly states "You save" either $7,308.10, $6,901.10, or $6,601.10, depending on which settlement option was selected by a consumer.

22. However, Defendant's representations as to the benefit Plaintiff would experience upon accepting one of the settlement offers is false, deceptive, and misleading.

23. Defendant knew, at the time it sent the November 4th letter, that a 1099-C form would be required to be submitted if Plaintiff accepted any of the settlement offers (because there would have been more than $600 forgiven on the balance of the subject debt). *See,* 26 C.F.R. § 1.6050P-1(a) & (d)(2)-(3); 26 U.S.C. § 6050P.

24. As such, Defendant's representations as to the amount Plaintiff would save if she accepted one of the settlement offers is false, deceptive, and misleading, as the stated amount of savings overinflates the actual benefit Plaintiff and consumers would have experienced upon accepting one of the offers presented in Defendant's November 4th letter.

25. Frustrated over Defendant's conduct, Plaintiff spoke with Sulaiman regarding her rights, resulting in expenses.

26. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

27. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, aggravation that accompanies collection telephone calls from debt collectors, emotional distress, increased risk of personal injury resulting from the distraction caused by the never-ending calls, increased usage of her telephone services, loss of cellular phone

capacity, diminished cellular phone functionality, decreased battery life on her cellular phone, and diminished space for data storage on her cellular phone.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

28. Plaintiff repeats and realleges paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

30. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts.

31. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others. Defendant has been a member of the Association of Credit and Collection Professionals, an association of debt collectors, since 2007.[2]

32. The subject consumer debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be due to another for personal, family, or household purposes.

    **a. Violations of FDCPA §1692c and §1692d**

33. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." §1692d(5) further prohibits, "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

34. Defendant violated §1692c(a)(1), d, and d(5) when it continuously called Plaintiff after being notified to stop. Defendant called Plaintiff at least 25 times after she demanded that it stop. This repeated behavior of systematically calling Plaintiff's phone in spite of this information was

---

[2] https://www.acainternational.org/search#memberdirectory

harassing and abusive. The frequency and nature of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing Plaintiff.

35. Defendant was notified by Plaintiff that its calls were not welcomed. As such, Defendant knew that its conduct was inconvenient and harassing to her.

### b. Violations of FDCPA § 1692e

36. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

37. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

38. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject consumer debt. In spite of the fact that Plaintiff demanded that it stop contacting her, Defendant continued to contact Plaintiff via automated calls. Instead of putting an end to this harassing behavior, Defendant systematically placed calls to Plaintiff's cellular phone in a deceptive attempt to force her to answer its calls and ultimately make a payment. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact her via an automated system when it no longer had consent to do so.

39. Defendant further violated §1692e and e(10) when it falsely, deceptively, and misleadingly presented the savings Plaintiff would experience upon accepting one of the settlement offers. It is misleading and deceptive for Defendant to represent to Plaintiff a specific amount that would be saved in connection with accepting a settlement offer, even though Defendant knew acceptance of a settlement offer would result in steps being taken which, ultimately, would diminish the amount of savings it represented in order to induce acceptance of a settlement option.

### c. Violations of FDCPA § 1692f

40. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

41. Defendant violated §1692f when it unfairly and unconscionably attempted to collect on a debt by continuously calling Plaintiff at least 25 times after being notified to stop. Attempting to coerce Plaintiff into payment by placing voluminous phone calls without her permission is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

42. Defendant also violated §1692f when it unfairly attempted to collect upon the subject consumer debt. Any reasonable fact finder will conclude that Defendant acted unfairly when it designed its November 4th collection letter to conceal the tax consequences of accepting its settlement offers. Defendant's actions only served to worry and confuse Plaintiff.

43. As pled in paragraphs 24 through 26, Plaintiff has been harmed and suffered damages as a result of Defendant's illegal actions.

WHEREFORE, Plaintiff, STACEY L. SIMINS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

44. Plaintiff restates and realleges paragraphs 1 through 43 as though fully set forth herein.

45. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

46. Defendant is a "[t]hird-party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(7).

47. The subject consumer debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.302**

48. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

49. Defendant violated the TDCA when it continued to call Plaintiff's cellular phone at least 25 times after she notified it to stop calling. The repeated contacts were made with the hope that Plaintiff would succumb to the harassing behavior and ultimately submit a payment. Rather than understanding Plaintiff's situation and abiding by her wishes, Defendant continued in its harassing campaign of phone calls in hopes of extracting payment.

50. Upon being told to stop calling, Defendant had ample reason to be aware that it should not continue its harassing calling campaign. Yet, Defendant consciously chose to continue placing systematic calls to Plaintiff's cellular phone knowing that its conduct was unwelcome.

    b. **Violations of TDCA § 392.304**

51. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(19) prohibits a debt collector from "using any . . . false representation or deceptive means to collect a debt or obtain information concerning a consumer."

52. Defendant violated the TDCA through the implicit misrepresentations made on phone calls placed to Plaintiff's cellular phone. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the lawful ability to continue contacting her cellular phone using an automated system absent her consent. Such lawful ability was revoked upon Plaintiff demanding that Defendant stop calling her cellular phone, illustrating the deceptive nature of Defendant's conduct.

53. Defendant further violated the TDCA through its deceptive and misleading representations as to the savings that would result if Plaintiff accepted one of its settlement offers. It was deceptive for Defendant to represent the savings that would inure to the benefit of Plaintiff, even though Defendant knew it was inflating the savings that would ultimately be passed along to Plaintiff.

WHEREFORE, Plaintiff, STACEY L. SIMINS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

c. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

d. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

e. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

f. Enjoining Defendant from further contacting Plaintiff; and

g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 11, 2020                                          Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim<br>Nathan C. Volheim, Esq. #6302103<br>*Counsel for Plaintiff*<br>Admitted in the Western District of Texas<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(630) 568-3056 (phone)<br>(630) 575-8188 (fax)<br>nvolheim@sulaimanlaw.com | s/Taxiarchis Hatzidimitriadis<br>Taxiarchis Hatzidimitriadis, Esq. #6319225<br>*Counsel for Plaintiff*<br>Admitted in the Western District of Texas<br>Sulaiman Law Group, Ltd.<br>2500 South Highland Ave., Suite 200<br>Lombard, Illinois 60148<br>(630) 581-5858 (phone)<br>(630) 575-8188 (fax)<br>thatz@sulaimanlaw.com |